IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HAROLD FRANKLIN WALTERS,  :

    Petitioner,  :

                        CIVIL ACTION 10-0131-CG-M

v.  :

                        CRIMINAL ACTION 05-0145-CG-M

UNITED STATES OF AMERICA,  :

    Respondent.  :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 44) and Respondent's Motion to Dismiss (Doc. 46). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Respondent's Motion to Dismiss (Doc. 46) be granted, that Petitioner's Motion to Vacate (Doc. 44) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Harold Franklin Walters.

Petitioner was indicted on April 28, 2005 for possession of two computers containing child pornography that had been mailed, shipped, and transported in interstate or foreign commerce in violation of 18 U.S.C. 2252A(a)(5)(B) (Doc. 1). At trial,

Walters was found guilty as charged in the indictment (*see* Doc. 26). Judge Granade sentenced Petitioner to ninety-seven months on the conviction as well as a lifetime of supervised release following his departure from prison, and an assessment of one hundred dollars (Doc. 36). Represented by new counsel, Walters appealed his conviction (Docs. 33, 40) which was affirmed by the Eleventh Circuit Court of Appeals on June 29, 2006 (Doc. 42).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on March 15, 2010 in which he raised the following claims: (1) There was no taped confession; (2) a government witness gave false testimony; and (3) his attorneys rendered ineffective assistance (Doc. 44). Respondent has filed a Motion to Dismiss this action (Doc. 46) to which Petitioner has replied (Doc. 48).

Before taking up Walters' claims, the Court notes that Respondent has answered the Petitioner, arguing that the petition should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 46, pp. 2-4). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2255. The specific provisions state as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in

2

> violation of the Constitution or laws of the
> United States, or that the court was without
> jurisdiction to impose such sentence, or that
> the sentence was in excess of the maximum
> authorized by law, or is otherwise subject to
> collateral attack, may move the court which
> imposed the sentence to vacate, set aside or
> correct the sentence.
>
> ***
>
> A 1-year period of limitation shall apply to
> a motion under this section. The limitation
> period shall run from the latest of--
>
>> (1) the date on which the judgment of
>> conviction becomes final;
>>
>> (2) the date on which the impediment to
>> making a motion created by governmental
>> action in violation of the Constitution
>> or laws of the United States is removed,
>> if the movant was prevented from making
>> a motion by such governmental action;
>>
>> (3) the date on which the right asserted
>> was initially recognized by the Supreme
>> Court, if that right has been newly
>> recognized by the Supreme Court and made
>> retroactively applicable to cases on
>> collateral review; or
>>
>> (4) the date on which the facts
>> supporting the claim or claims presented
>> could have been discovered through the
>> exercise of due diligence.

28 U.S.C. § 2255(f).

Walter's conviction became final on September 27, 2006, when Petitioner's opportunity to seek *certiorari* in the U.S. Supreme Court expired.[1] *Clay v. United States*, 537 U.S. 522, 527 (2003)

---

[1] June 29, 2006, the date Walters' appeal was denied, plus ninety days equals September 27, 2006.

3

("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). This means that Walters had until September 27, 2007 to file his Motion to Vacate. However, Petitioner's Motion was filed on March 15, 2010 (Doc. 44), more than twenty-nine months beyond the one-year limitations period.

The Court notes that, under *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999), *cert. denied*, 531 U.S. 971 (2000), "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Though given the opportunity to do so, Petitioner has not demonstrated any extraordinary circumstances (Doc. 48). The Court finds that Petitioner has not demonstrated any basis for finding that he has equitably tolled the statute.

Walters has raised three claims in this petition. However, the Court has found that Petitioner has filed his petition more than two years beyond the one-year statute of limitations period. Therefore, it is recommended that Respondent's Motion to Dismiss be granted (Doc. 46), that Petitioner's Motion to Vacate be denied (Doc. 44), that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Harold Franklin Walters.

Furthermore, pursuant to Rule 11(a) of the Rules Governing §

2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).

Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Walters filed this petition

5

more than two years beyond the one-year statutory limitations period, and the Court has found no equitable grounds for excusing the tardiness, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Walters should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

## **CONCLUSION**

The Magistrate Judge recommends that Petitioner's Motion to Vacate, filed pursuant to 28 U.S.C. § 2255, be denied (Doc. 44). Petitioner is not entitled to a certificate of appealability; therefore, he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a
magistrate judge in a dispositive matter, that is, a
matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
a "Statement of Objection to Magistrate Judge's
Recommendation" within ten days after being served with
a copy of the recommendation, unless a different time
is established by order.  The statement of objection
shall specify those portions of the recommendation to
which objection is made and the basis for the
objection.  The objecting party shall submit to the
district judge, at the time of filing the objection, a
brief setting forth the party's arguments that the
magistrate judge's recommendation should be reviewed <u>de
novo</u> and a different disposition made.  It is
insufficient to submit only a copy of the original
brief submitted to the magistrate judge, although a
copy of the original brief may be submitted or referred
to and incorporated into the brief in support of the
objection.  Failure to submit a brief in support of the
objection may be deemed an abandonment of the
objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 27th day of April, 2010.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE