**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **HAROLD FRANKLIN WALTERS,** | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION 10-0131-CG-M** |
| **v.** | ) | |
| | ) | **CRIMINAL ACTION 05-0145-CG-M** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

After due and proper consideration of all pleadings in this file, and a <u>de novo</u> determination of those portions of the Recommendation to which objection is made[1], the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is adopted as the opinion of this Court.

It is **ORDERED** that Respondent's Motion to Dismiss (Doc. 46) be **GRANTED**, that Petitioner's Motion to Vacate (Doc. 44) be **DENIED**, and that this action be **DISMISSED.**

**DONE and ORDERED** this 11th day of June, 2010.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

1 Petitioner was given the opportunity by the magistrate judge to show why his petition should not be dismissed as time barred.   The only reason he proffered was that he is serving a sentence for a "something [he] did not do.  (Doc. 48).   After the Report and Recommendation was issued, petitioner now claims the time for filing should be equitably tolled because his failure to timely file the 2255 petition was due to the fact that his appellate counsel was preoccupied with his own legal troubles during the time of petitioner's appeal and did not inform petitioner of the outcome of his appeal. This still does not show that petitioner exercised any diligence.   The petition was filed almost two and a half years after the time for filing had expired.